No. 757.—ALEXANDER G. FRERE, Tutor, *v.* WM. ROBERTSON, Testamentary Executor.—ANN H. SMITH and B. D. DAUTERIVE, Intervenors.

A mortgage creditor who participated at a meeting of the creditors of an insolvent debtor and made no opposition to the homologation of the proceeding as agreed upon, is, after the homologation by the judge, precluded from requiring a sale of the property to be made for his benefit on terms different from those agreed upon at the meeting of creditors. But if a mortgage creditor be not present at the meeting of creditors, and be not represented therein, then, and in that case, he may, notwithstanding the deliberations have been homologated by the judge, cause the property, or a sufficient amount thereof to pay his debt, to be sold for cash.

APPEAL from the Parish Court, parish of Iberia. *Theo. Fontelien*, Parish Judge. *D. Caffery*, for plaintiff. *Jos. A. Breaux, J. J. Gary*, and *Tucker & Davis*, for intervenors, appellants. *Deblanc & Perry*, for defendant and appellee.

WYLY, J. The plaintiff, and the intervenor Mrs. Smith, who joined in his demand, have appealed from a judgment dismissing the rule requiring the sale for cash of certain property belonging to an insolvent succession, administered by the defendant. The plaintiff, and Mrs. Smith, legal mortgage creditors of the succession of Leonard J. Smith, whose mortgages were recognized in the same judgment against said succession, seek to obtain an order to sell for cash the property mentioned in the rule, to pay their claims, and for the liquidation of the succession. The objection is, that the court has already ordered the sale of the property on terms fixed by a meeting of the creditors of the insolvent succession under articles 1172, 1173, 1174 and 1175, C. C.; that the plaintiff was a party to said meeting, and did not require the sale for cash of so much property as was necessary to pay him, either at the meeting of the creditors, or at the homologation of the proceed-

ing by the judge, and that he can not complain of the loss of his right to require the sale for cash under articles 1176 and 1177, C. C., because he failed to assert it, although a party to the *concurso*. Undoubtedly a mortgage creditor has the right ordinarily to demand the sale for the payment of his claim, but where, in an insolvent succession, a sale has been provoked under the articles above referred to, a mortgage creditor participating in the proceeding and failing to assert the privilege which those articles give him over ordinary creditors in the manner therein indicated, can not. ignore the proceeding, and demand the sale of property to pay him on terms other than those fixed by the judge on the proces verbal of the meeting of the creditors. He is bound by the proceeding in which he participated, and if he failed to obtain the right which articles 1176 and 1177 gave him over ordinary creditors, it was by his own *laches*. 17 An. 72.

The court had the right to order the sale on terms different from those fixed for forced sales by the articles of the Code of Practice, in a case like this, where the terms were advised by a meeting of the creditors. A mortgage creditor has no more rights at a *concurso* of this kind than other creditors, except that of requiring the sale for cash of sufficient property to pay him. If he fails to assert this right when participating in a proceeding under articles 1173, 1174, 1175, 1176 and 1177, C. C., he loses it by his own *laches*.

It was the duty of the judge in homologating the proceeding of the meeting of the creditors to order the sale on the terms advised, unless the mortgage creditors participating therein, required to be sold for cash sufficient property to pay them. C. C. 1176, 1177.

Now, the plaintiff did not require the sale to be made for cash, and the judge had no right to so order it for his benefit, in homologating the proceeding. If he had done so he would have violated article 1177, C. C., which declares that: "The judge on homologating the proceedings is bound to order to be sold for cash so much of the property of the succession as will be sufficient to pay the creditors by *privilege*, or mortgage with interest and costs, *if they require the sale to be thus made.*"

Now, because the plaintiff failed to exercise a right which belonged to him as a member of the meeting of creditors in virtue of the character of his claim, we do not see that the order of sale on the terms fixed by the creditors is on that account an absolute nullity, and need not be regarded by him.

If a mortgage creditor fails to assert his right when participating in a proceeding of creditors to fix the terms of sale, he will not be heard complaining of the consequences. But the plaintiff insists that as he voted "against the selling of the properties belonging to said succession of Smith, for the present," he did not consent to the terms of the

sale advised by the other creditors, and is therefore not bound by the proceeding.

In voting to postpone the sale, we are not aware-that a mortgage creditor has greater rights than ordinary creditors. It is certain he can require the sale of sufficient property for cash to pay him if he so desires, and the judge is bound to order it. But the judge is not bound to order it if he is not required to do so at the time he homologates the proceedings in which the mortgage creditor participated. 19 An. 81; 4 M. 450; 10 M. 54.

In regard to the intervenor, Mrs. Smith, who has joined in the prayer of the plaintiff, and asks that a sale be made for cash to pay the amount of her mortgage, we think her demand is well founded. She was not a party to the proceeding resulting in the order of sale referred to, and is not bound by it. 2 R. 201. She was not represented by the attorney of absent creditors, because she resided in the parish of Iberia at the time, and is not bound by his waivers.

It is therefore ordered that the judgment appealed from be affirmed as to the plaintiff; and as to the intervenor, Mrs. Ann H. Smith, let it be avoided and annulled, and it is ordered that as to her the rule be made absolute, at the defendant's costs. It is further ordered that the plaintiff and the defendant pay costs of this appeal.